## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No:

**LUPITA LEWIS,**
**Plaintiff,**

**v.**

**JAMES T. POWERS, individually; NATIONAL FEDERATION FOR THE BLIND, a public foundation; NATIONAL FEDERATION FOR THE BLIND, COLORADO, a Colorado public foundation in good standing; COLORADO CENTER FOR THE BLIND, a Colorado public foundation in good standing; CZ FAMCO HOLDINGS LLC d/b/a/ CHUBBY'S, a Colorado LLC in good standing, and CITY OF LITTLETON, COLORADO,**
**Defendants.**

---

### FIRST AMENDED VERIFIED COMPLAINT UNDER AND JURY DEMAND PURSUANT TO 42 U.S.C. §12131, *ET SEQ.*  42 U.S.C. §12181, *ET SEQ.*; AND 29 U.S.C. §794

---

Plaintiff, Lupita Lewis, by and through her attorneys, Joseph C. Cohen, P.C., by Joseph C. Cohen, states as follows for her Complaint against Defendants James T. Powers, National Center for the Blind, National Center for the Blind Colorado, Colorado Center for the Blind, the City of Littleton, Colorado, and CZ Famco Holdings, LLC d/b/a Chubby's:

### PARTIES

1.    Defendant James T. Powers (Powers) has been a resident of Denver, Colorado, at all times relevant herein.

2.    At all times relevant herein Defendant National Center for the Blind (NFB) has been a public charity with its principal place of business located in Baltimore, Maryland.

3.      Defendant National Federation for the Blind Colorado, Inc.(NFBC), has been a public charity with its principal place of business in Littleton, Colorado, at all times relevant herein.

4.      At all times relevant herein Defendant Colorado Center for the Blind (CCB) has been a public charity operated by NFBC with its principal place of business located in Littleton, Colorado (the "Center").

5.      Defendant City of Littleton, Colorado (the "City" or Littleton), at all relevant times, has been and continues to be a home rule city chartered under the laws of the State of Colorado.

## JURISDICTION AND VENUE

6.      Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§1331 and 1343, as this case asserts claims pursuant to 42 U.S.C. §12131, *et seq.,* Title II of the Americans with Disabilities Act Amendments Act (ADA II); 42 U.S.C. §12181, *et seq.*, Title III of the Americans with Disabilities Act Amendments Act (ADA III), and 29 U.S.C. §794, §504 of the Rehabilitation Act (RA).

7.      Jurisdiction over the independent Colorado claims for negligence is premised upon supplemental jurisdiction.  28 U.S.C. §1367.

8.      The unlawful disability discrimination practices alleged herein took place at facilities where, at all times relevant, Defendants NFB, NFBC, CCB, and Littleton provided and continue to provide services.

9.      Venue is proper in the United States District Court for The District of Colorado pursuant to 28 U.S.C. § 1391: the negligent and discriminatory acts and omissions establishing the basis for this case all occurred in Littleton.

## ADMINISTRATIVE PROCEDURES

10.　Ms. Lewis was not required to exhaust administrative remedies to commence this litigation.

## NATURE OF THE CASE

11.　Congress stated in the preamble to the ADA that ""historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination . . . continue to be a serious and pervasive social problem." 2 U.S.C. §12101(a)(2).

12.　In enacting the ADA, Congress promised "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). That promise has yet to be fulfilled.

13.　The case at bar arises from a motor vehicle accident demonstrating how isolation of and discrimination against disabled persons persist to this very day, resulting in negligent, even deliberate, failure to provide the disabled safe access to facilities intended to improve their lives.

14.　Every Defendant in this case was negligent to the point of recklessness: Each failed to take reasonable steps to protect visually impaired individuals along the most direct path of travel from the bus stop on W. Bowles Ave. to the Residence.

15.　On December 12, 2013, Powers carelessly and recklessly failed to be vigilant in a work zone and never slowed down before he struck Ms. Lewis at 35 mph, knocking her to the ground where she slid for about 38 feet before coming to rest. Ms. Lewis was wearing an orange parka, carrying an NFB reflective cane, and was under a streetlight on a clear, dry night on a flat, straight road when Powers hit her without slowing down.

16.　Long before Powers ran Ms. Lewis down the NFB, NFBC, CCB, and Littleton plainly ignored the clear and present danger to those visually disabled individuals participating in NFBC programs

at the Center and residing at the Residence by failing to bring the east side of Lowell into compliance with the ADA. Not long after NFBC purchased the Residence, the sidewalk, curb, curb cuts, and gutters on the west side of Lowell were brought up to code.

17. Just north of Bowles there is a Chubby's restaurant with a 164-foot frontage (Frontage) on the east side of Lowell. As described below, every inch of that frontage presents a danger to visually disabled people because they cannot safely traverse that span when navigating by cane. Had the east side of Lowell been made accessible to visually disabled persons as required by the ADA and RA, Ms. Lewis would not have been catastrophically injured by Powers' carelessness and recklessness.

18. Chubby's has possession and control of its parking lot (Lot), which comprises most of the Frontage. Although its employees were aware of the danger, Chubby's failed to provide a safe path of travel for visually disabled individuals seeking to gain access to the Residence.

19. Ms. Lewis seeks damages, attorney fees, and costs as provided by statute, plus interest from December 12, 2013, until satisfied in full. She will seek to amend her Verified Complaint to add a claim for punitive damages pursuant to 42 U.S.C. §1991a.

## **GENERAL ALLEGATIONS**

20. Ms. Lewis incorporates the foregoing and following paragraphs as though fully set forth herein.

21. At all times relevant, South Lowell Blvd. (Lowell) and W. Bowles Ave. (Bowles) were public thoroughfares open to and used by the residents of the City, Arapahoe, and Jefferson Counties, Colorado, among others.

22. Lupita Lewis was diagnosed with an eye disease when she was seven years old. She lost her sight over several years, and at all times relevant she has been and remains legally blind.

23. At all times relevant Ms. Lewis received Social Security Disability Insurance benefits due to her blindness and has been on Medicaid.

24. Until December 12, 2013, Ms. Lewis never considered herself to be disabled and never lacked self-confidence. Before attending college, she left home at age 17 and lived independently in Alaska for about three and one-half years.

25. Ms. Lewis returned to southern California when she was injured in a tubing accident and required appropriate medical care.

26. Ms. Lewis obtained an Associate's Degree in Liberal Arts from San Diego City College in 1997. She graduated from California State University - Long Beach in 2002 with a B.S. in Business Administration: Management.

27. Ms. Lewis worked as a paralegal until her eyesight became too poor to permit her to continue in that career. She then became proficient in assistive computer technology. Ms. Lewis also became an advocate for the disabled, testifying before the Oregon legislature and being interviewed by local television news.

28. Because Deschutes County, Oregon, where Ms. Lewis resided, had inadequate public transportation, she decided to create a transportation company with her former husband, Ray Lewis. The couple was successful in creating and operating an Oregon non-profit transportation company for disabled persons, Central Cascades Transport, funded by federal, state, local, and private grants written by Ms. Lewis.

29. CCB is located in the City and "provides innovative teaching techniques, daily challenges and self-confidence that are the building blocks of independence, opportunity and success" for visually disabled persons. See http://coloradocenterfortheblind.org/.

30.   Ms. Lewis attended CCB three times.  In May and/or June 2012, Ms. Lewis participated in CCB's Assistive Technology internship program through the Oregon Federation for the Blind (OFB).  She was tasked by OFB to vet CCB's program and evaluate its instructors so that OFB could determine whether to send its participants to the Center.  Ms. Lewis also wished to hone her city navigation skills because she had been living in rural DeSchutes County for a significant time and navigation skills for rural and urban environments are different.

31.   In the spring of 2012, NFBC purchased the McGeorge Mountain Terrace Apartments to provide CCB with a place for its participants ( the "Residence").  The Residence is a 24-unit apartment complex with two buildings located about two miles from the Center north of Bowles and on the west side of Lowell.

32.   The Residence is located within the City.

33.   Ms. Lewis returned to CCB from Oregon from February to mid-2013, to participate again in the Assistive Technology Internship Program and then again from September 2013 into early January 2014.

34.   Between the time that CCB acquired the Residence and Ms. Lewis returned to CCB as an assistive technology intern in early 2013, the sidewalk, curb, and gutters on the west side of Lowell were rebuilt by the Denver Water Department, but no work was done on the sidewalk, curb and gutters on the east side of Lowell.  A handicapped crosswalk was constructed at the intersection of Lowell and Lowell Way.

35.   At all times relevant herein, CCB has required its residents to take public transportation to get around the metropolitan area, so that they may gain confidence in their ability to travel independently.

36.     The Center's policy requiring its visually impaired patrons to utilize public transportation was not changed even after a motor vehicle accident killed a participant waiting for a bus in 2010.

37.     There are two bus lines that run between the Center and the Residence.  The 36L bus line runs from the Littleton Downtown Station west along Bowles to Lowell and then north to the intersection of Lowell and Lowell Way.  The 59 Bus stops a short distance east of the northeast corner of Bowles and Lowell and then continues west on Bowles. The 59 Bus stop is a short distance east of the northeast corner of Bowles and Lowell.

38.     For anyone, including without limitation visually disabled persons such as Ms. Lewis, to get from the 59 bus stop near the intersection of Bowles and Lowell, the most direct route to the Residence is to walk west on Bowles to Lowell, then north on the east side of Lowell to a crosswalk at the intersection of Lowell and Lowell Way (the "Intersection"), then go west across Lowell into the Residence.

39.     Chubby's is located just north of the Intersection.  Anyone walking north on the east side of Lowell toward the Residence must traverse Chubby's 164 foot frontage on Lowell (the "Frontage").

40.     There is a cracked and displaced cement sidewalk ending at the south end of the Frontage, where there is a 35-foot wide driveway cut (Driveway Cut).  The pavement along the Frontage north of the Driveway Cut is Chubby's parking lot (the "Lot") is comprised of old, cracked, weathered, and displaced asphalt, the same paving material as Lowell, and the northernmost 20 feet is craked and displaced cement. There is no discernable curb within the Frontage.  The only indication that might enable a visually impaired person to distinguish between the safe path of travel and Lowell is the two inch or less edge of the cement gutter on Lowell.

41.     There are no truncated domes on the east side of Lowell from Bowles to the Intersection.

42.    Most visually disabled individuals who navigate by cane cannot routinely discern drop-offs of less than three inches.

43.    The slopes of the Driveway Cut and gutters are difficult to detect or undetectable to visually disabled persons such as Ms. Lewis.

44.    The City's Building Code establishes design standards for sidewalks, curbs, curb cuts, and gutters in part so that visually and otherwise disabled persons may have access to Littleton's services, programs or activities.

45.    Public sidewalks comprise "services, programs or activities" of Littleton.

46.    The Frontage cannot be distinguished from Lowell by visually disabled persons navigating by cane.

47.    The Frontage denies visually disabled persons access to services, programs, or activities of Littleton and the Residence.

48.    The two inch or less drop off of the curb between the Lot and Lowell cannot be consistently perceived by visually disabled people navigating by cane.

49.    From the time NFBC and CCB acquired the Residence in the spring of 2012, NFBC, CCB, and the City knew or should have known that the Frontage was a hazard to visually disabled persons navigating by cane.

50.    Before and after December 12, 2013, Chubby's employees regularly observed blind individuals lose their way while walking through the Frontage and wander into Lowell's traffic lanes while trying to walk from the 59 bus stop to the Residence.

51.    Chubby's knew or should have known of the danger presented by the Frontage to visually disabled persons traversing it and navigating by cane.

52. NFBC, CCB, the City, and Chubby's failed to warn drivers on Bowles or participants at the Center of the danger presented by the Frontage to the visually impaired.

53. On December 12, 2013, Lupita Lewis took the 59 bus to the Residence from the Center at about 8:30 p.m. and started walking north toward the Residence on the east side of Lowell. At that time and place it was dark, but the weather was dry and visibility was good.

54. That night Ms. Lewis wore an international orange parka and was navigating with her NFB-standard reflective white cane.

55. At that time there was a Denver Water truck parked on the east side of Lowell, and its crew was working nearby. Upon information and belief, there were or should have been lighted signs warning of the work crew's presence and/or flashing lights on the Denver Water truck. The Denver Water work crew wore safety vests so as to be clearly visible to motorists.

56. Ms. Lewis lost her way in the Frontage and ended up in the traffic lanes of northbound Lowell. She was under a street light and was clearly visible before she was hit by Powers according to one of two eye witnesses.

57. At that time on December 12, 2013, Powers turned north from Bowles onto Lowell and was proceeding carelessly and recklessly at an estimated speed of 35 m.p.h. through the Denver Water work zone. He failed to exercise reasonable care by neither slowing nor maintaining vigilance as he passed through the work zone.

58. Powers' struck Ms. Lewis approximately 255 feet north of the Intersection while traveling at the speed of 35 mph (the "Wreck"). The impact threw her 38 feet.

59. Ms. Lewis suffered permanent and debilitating injuries, including without limitation moderate traumatic brain injury; a fractured right fibula; a torn left rotator cuff; cervical, thoracic, and lumbar

pain and bulging and/or herniated discs; permanent impairment; severe PTSD, and severe clinical depression.

## FIRST CLAIM FOR RELIEF
### (Negligence - Powers)

60.    Ms. Lewis incorporates the foregoing and following paragraphs as though fully set forth herein.

61.    Ms. Lewis suffered harms and losses as a direct and proximate result of the Wreck.

62.    Powers was careless and reckless in failing to slow down, maintain vigilance, or notice Ms. Lewis in the middle of Lowell's traffic lanes in the Denver Water work zone.

63.    Powers' carelessness and recklessness were a direct and proximate cause of Ms. Lewis' harms and losses, including without limitation moderate traumatic brain injury; a broken right fibula; a torn left rotator cuff; cervical, thoracic, and lumbar pain and bulging and/or herniated discs; permanent impairment; severe PTSD, and severe depression.

## SECOND CLAIM FOR RELIEF
### (Negligence - NFB, NFBC, CCB, Littleton, and Chubby's)

64.    Ms. Lewis incorporates the foregoing and following paragraphs as though fully set forth herein.

65.    NFB, NFBC, CCB, Littleton, and Chubby's knew or should have known that visually disabled persons living at the Residence would use the public sidewalk on the east side of Lowell as a path of travel to gain access to the Residence.

66.    The curb and sidewalk on the west side of Lowell was rebuilt after NFB, NFBC, and CCB acquired the Residence and before Ms. Lewis participated in the CCB Assistive Technology internship program for the third time.

67.   NFB, NFBC, CCB, Chubby's, Littleton took no steps to render the curb and sidewalk on the east

side of Lowell accessible to disabled persons, including without limitation visually disabled persons

such as Ms. Lewis living at the Residence.

68.   NFB, NFBC, CCB, Littleton, and Chubby's acted with deliberate indifference to the rights of

visually impaired persons living at the Residence, such as Ms. Lewis, and including without

limitation rights created by the ADA and RA.

69.   Ms. Lewis suffered harms and losses because she lost her way while navigating by cane through

the Frontage.

70.   The deliberate indifference of NFB, NFBC, CCB, Littleton, and Chubby's in failing to

accommodate the needs of disabled persons, including without limitation Ms. Lewis and other

visually disabled persons living at the Residence and/or traversing the Frontage on foot, proximately

caused Ms. Lewis to suffer harms and losses, including without limitation moderate traumatic brain

injury, a broken right fibula, a torn left rotator cuff, cervical, thoracic, and lumbar pain and bulging

and/or herniated discs; and permanent impairment, severe PTSD, and severe Depression.

### THIRD CLAIM FOR RELIEF
#### (Violation of 42 U.S.C. §§12131-12138, ADA Title II v. NFB, NFBC, CCB, and Littleton)

71.   Ms. Lewis incorporates the foregoing and following paragraphs as though fully set forth herein.

72.   Title II provides that "no qualified individual with a disability shall, by reason of such disability, be

excluded from participation in or be denied the benefits of the services, programs or activities of

a public entity, or be subjected to discrimination by such entity."  42 U.S.C. §12132.

73.   Ms. Lewis is a legally blind person,

who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

42 U.S.C. §12131(2).

74.     NFB, NFBC, CCB, and Littleton are public entities as defined at 42 U.S.C. §§12131(1)(A) and

(B).

75.     Sidewalks, curbs, curb cuts, and gutters comprise services, programs or activities of the City.

76.     The Frontage at that time comprised and still comprises a barrier for the visually impaired along the

path of travel from the 59 bus stop to the Residence (the "Barrier").

77.     At all times relevant herein removal of the Barrier was readily achievable.

78.     Ms. Lewis was excluded by the Barrier from safe use of Littleton's sidewalks, curbs, and curb

cuts.

79.     Ms. Lewis, among others, was denied the benefits of NFB's, NFBC's, CCB's and Littleton's

services, programs or activities due to her visual disability: the Barrier precluded her access to the

Residence at the time of the Wreck and continues to prevent her from returning to CCB.

80.     Ms. Lewis was discriminated against by NFB, NFBC, CCB, and Littleton due to her blindness

and the presence of the Barrier.

**FOURTH CLAIM FOR RELIEF**
**(Violation of the Rehabilitation Act of 1973, as amended § 2, 29 U.S.C. § 701, *et seq.*, (RA) v.**
**NFB, NFBC, CCB, and Littleton)**

81.     Ms. Lewis incorporates the foregoing and following paragraphs as though fully set forth herein.

82.     Section 504 of the RA provides in pertinent part:

> No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . . .

83. NFB, NFBC, and CCB are public entities: they provide "education, housing . . . social services . . . or" they are entities "established by two or more public entities" because they receive federal financial assistance and are public charities.

84. Littleton is a public entity that receives federal financial assistance to its Public Works Department.

85. NFB, NFBC, CCB, and Littleton are subject to the RA.

86. NFB, NFBC, CCB, and Littleton intentionally excluded Ms. Lewis, and other visually impaired persons, from participation in, denied the benefits of, and subjected her, among others, to discrimination because she was denied access to the Center and the safe use of the Frontage solely by reason of her visual disability.

## FIFTH CLAIM FOR RELIEF
### (Violation of ADA III -Injunctive relief v. Chubby's)

87. Ms. Lewis incorporates the foregoing and following paragraphs as though fully set forth herein.

88. ADA III provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

89. Chubby's, a restaurant, is a public accommodation. 42 U.S.C. §§ 12181(7).

90. Ms. Lewis, a legally blind person, is a beneficiary of ADA III.

91.     Solely on the basis of her disability, Chubby's denied Ms. Lewis opportunities to participate in or benefit from its goods, services, privileges or accommodations.

92.     Chubby's, by failing to provide a safe path of travel through the Frontage, denies visually disabled persons, including among others Ms. Lewis, opportunities to participate in or benefit from its goods, services, privileges or accommodations, and, by its failure to remove architectural and communication barriers to ensure that no person with a disability, including without limitation Ms. Lewis, is excluded or denied goods, services, facilities, privileges, advantages, and accommodations.

WHEREFORE, Plaintiff Lupita Lewis prays this Honorable Court to grant judgment in her favor and against Defendants as follows:

1.     **First Claim for Relief:**

   a.     Enter judgment for negligence in favor of Ms. Lewis and against Defendant Powers; and,

   b.     Award damages for negligence in favor of Ms. Lewis and against Defendant Powers in an amount to be determined by the trier of fact, including, without limitation, bodily injury, past and future pain and suffering, loss of enjoyment of life, and economic damages plus pre-and post judgment interest from December 12, 2013, until satisfied in full.

2.     **Second Claim for Relief:**

   a.     Enter judgment for negligence in favor of Ms. Lewis and against Defendants NFB, NFBC, CCB, the City of Littleton, and Chubby's;

   b.     Award damages for negligence in favor of Ms. Lewis and against Defendants NFB, NFBC, CCB, the City of Littleton, and Chubby's in an amount to be determined by the trier of fact,

including, without limitation, bodily injury, past and future pain and suffering, loss of enjoyment of life,

economic damages, plus pre-and post judgment interest from December 12, 2013, until satisfied in full.

3.      **Third Claim for Relief:**

        a.      Enter judgment in favor of Ms. Lewis and against Defendants NFB, NFBC, CCB,

and the City of Littleton;

        b.      Award in favor of Ms. Lewis and against Defendants NFB, NFBC, CCB and the

City of Littleton, compensatory damages, consequential and special damages in amounts to be proven at

trial, including for mental anguish, pain and suffering, embarrassment, anxiety and emotional distress, all in

such amounts as are allowable by federal law;

        c      Injunctive, declaratory or other injunctive relief;

        d.      Pre-judgment and post-judgment interest as provided by law; tax enhancement

damages; and,

        e.      Attorneys' fees and costs, including but not limited to, expert witness fees and other

expenses pursuant to statute.

4.      **Fourth Claim for Relief:**

        a.      Enter judgment in favor of Ms. Lewis and against Defendants NFB, NFBC, CCB,

and the City of Littleton;

        b.      Award in favor of Ms. Lewis and against Defendants NFB, NFBC, CCB and the

City of Littleton, compensatory damages, consequential and special damages in amounts to be proven at

trial, including for mental anguish, pain and suffering, embarrassment, anxiety and emotional distress, all in

such amounts as are allowable by federal law;

        c      Injunctive, declaratory or other injunctive relief;

        d.        Pre-judgment and post-judgment interest as provided by law; tax enhancement damages; and

        e.        Attorneys' fees and costs, including but not limited to, expert witness fees and other expenses.

5.    **Fifth Claim for Relief:**

    Injunctive relief in favor of Ms. Lewis and similarly situated disabled persons and against Chubby's requiring Chubby's to modify the Frontage so as to remove architectural barriers impeding disabled persons' access to its goods, services, facilities, privileges, advantages, and accommodations.

    PLAINTIFF DEMANDS TRIAL TO A JURY AS TO ALL ISSUES SO TRIABLE.

    Respectfully submitted February 11, 2016.

                    JOSEPH C. COHEN, P.C.
                    *Attorneys for Plaintiff Lupita Lewis*

                    /s/   *Joseph C. Cohen*
                      Joseph C. Cohen
                      1901 W. Littleton Blvd., #219
                      Littleton, CO 80120
                      303.794.2114
                      303.795.3546
                      jcc@jccpc.com

### VERIFICATION

    I, Lupita Lewis, declare, pursuant to the penalty of perjury that I have reviewed the foregoing allegations are true and accurate to the best of my knowledge, recollection and belief.

Dated February 11, 2016                 _____
                                      Lupita Lewis

Plaintiff's Address:

2170 W. Arapahoe Rd.
Littleton, CO 80120