IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02692-MEH

LUPITA LEWIS,

    Plaintiff,

v.

JAMES T. POWERS,

    Defendant.

---

**ORDER**

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is (former) Defendant City of Littleton's ("Defendant") Motion for Attorney's Fees and Costs [filed February 28, 2019; ECF No. 242]. Defendant contends that, based on the Court's grant of its dispositive motion, it is entitled to awards of attorney's fees and costs. Although the Plaintiff apparently informed the Defendant that she opposed the motion, she filed no response nor other written objection. For the reasons that follow, the Court will deny the motion.

Defendant brings its request for an award of attorney's fees pursuant to Colo. Rev. Stat. § 13–17–201, which "provides for a reasonable award of attorney fees '[i]n all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under [C.R.C.P.] 12(b).'"[1] *Robinson v. Colo. State Lottery Div.*, 179 P.3d 998, 1009 (Colo. 2008). In addition, Defendant seeks an award of costs pursuant to Colo. Rev. Stat. § 13-16-113(2), which is identical to § 13-17-201,

---

[1] It is undisputed that the statute would apply in an action brought in this Court, even when a state tort claim is dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *See Jones v. Denver Post Corp.*, 203 F.3d 748, 757 n.6 (10th Cir. 2000).

except that it permits a "judgment for costs" for Rule 12(b) dismissals of tort actions. Awards under these statutes are mandatory if the statutory criteria are met. *Crandall v. City of Denver*, 238 P.3d 659, 665 (Colo. 2010) ("the express statutory language of sections 13–16–113(2) and 13–17–201 mandate awards of costs and attorney fees to the defendant in the event that a plaintiff's tort action is dismissed pre-trial on a C.R.C.P. 12(b) motion to dismiss"). In this case, Plaintiff brought three claims against Defendant, a state law claim for negligence and two federal law claims for violations of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973 ("Rehab Act"). Defendant contends that it is entitled to recovery of its attorney's fees and costs for defending the negligence claim, which Defendant argues was dismissed by this Court pursuant to "Rule 12(b)." Mot. 2, 4.

Section 13-17-201 provides in relevant part: "This section shall not apply if a motion under rule 12(b) of the Colorado rules of civil procedure is treated as a motion for summary judgment and disposed of as provided in rule 56 of the Colorado rules of civil procedure." Colo. Rev. Stat. § 13-17-201. Here, Defendant filed its combined motion on June 28, 2018 stating in a footnote, "The City moves for summary judgment on the Plaintiff's federal claims and moves to dismiss the Plaintiff's state law claim as the City asserts its sovereign immunity from that claim under the Colorado Governmental Immunity Act ['CGIA'] which presents a jurisdictional issue reviewed under Fed. R. Civ. P. 12(b)(1)." Mot. 2, ECF No. 137. Defendant cited to no legal standards under Rule 12(b)(1) in its combined motion but, instead, asserted, "The City is entitled to dismissal *or* summary judgment on Plaintiff's claims as a matter of law." *Id.* (emphasis added). The Court proceeded to treat Defendant's motion as a Rule 56 motion for summary judgment and dismissed Plaintiff's negligence claim finding, "Plaintiff has not raised any genuine disputes as to issues of

material fact regarding the City's actual knowledge of dangerous conditions or accidents, incidents, or injuries in this area" and "Plaintiff has not raised any disputed genuine issues of material fact as to whether the City should have known the sidewalk was dangerous," and concluding that Plaintiff failed to meet her burden to demonstrate Defendant waived its sovereign immunity under the CGIA. Order 14-15, ECF No. 201.

The Court's treatment of Defendant's motion pursuant to Rule 56 was proper, given that Defendant filed Answers (complete, not partial) to the operative pleadings, both before and after filing the combined motion. *See* Answer to First Amended Complaint, ECF No. 25 *and* Answer to Second Amended Complaint, ECF No. 179. Thus, to the extent the Defendant sought dismissal pursuant to Rule 12 in its combined motion, such request was not proper under subsection (b)[2] and would have been required to be treated under subsection (c) as a motion for judgment on the pleadings.[3]

Even had the Court dismissed the claims against Defendant pursuant to Rule 12, an award of attorney's fees under Colo. Rev. Stat. § 13-17-201 and an award of costs under Colo. Rev. Stat. § 13-16-113(2) are not proper when a case is dismissed pursuant to Rule 12(c). *See BSLNI, Inc. v. Russ T. Diamonds, Inc.*, 293 P.3d 598, 601 (Colo. App. 2012) ("under the plain language of the statutes, the trial court must award attorney fees and costs under sections 13–16–113(2) and 13–17–201 when it dismisses the entire action pursuant to Rule 12(b)"). The *BSLNI, Inc.* court determined that it must "interpret the meaning of the statutory language 'under rule 12(b)' narrowly,

---

[2]Fed. R. Civ. P. 12(b) provides, "A motion asserting any of these defenses [including subsection (1) for lack of subject matter jurisdiction] must be made before pleading if a responsive pleading is allowed."

[3]Fed. R. Civ. P. 12(c) states in its entirety: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."

3

and will only uphold an award of fees when an action is properly dismissed pursuant to C.R.C.P. 12(b)." *Id.* The court reasoned that motions to dismiss for failure to state a claim "are intended to test the sufficiency of the complaint and to 'permit early dismissal' of meritless claims," whereas motions for judgment on the pleadings are filed "after the pleadings are closed." *Id.* at 601-02. The court concluded that the requested statutory awards were not warranted for dismissal of the action pursuant to Rule 12(c). *Id.* at 602.

In sum, even if the Court had not disposed of the Defendant's dispositive motion pursuant to Rule 56, Defendant's Answers to the First and Second Amended Complaints closed the pleadings and would have deemed any motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b) a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). In Colorado, the statutes providing awards of attorney's fees and costs for tort actions dismissed pursuant to Rule 12(b)—Colo. Rev. Stat. §§ 13-16-113(2) and 13-17-201—are interpreted "narrowly" to permit such awards only when an action is "properly dismissed pursuant to C.R.C.P. 12(b)." Accordingly, the Court is not permitted to order awards of attorneys' fees and costs as requested by Defendant in this matter.

Based on the entire record and for the reasons stated above, the Court **denies** Defendant City of Littleton's Motion for Attorney's Fees and Costs [filed February 28, 2019; ECF No. 242].

SO ORDERED.

Dated at Denver, Colorado, this 5th day of June, 2019.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge