IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02692-MEH

LUPITA LEWIS,

    Plaintiff,

v.

JAMES T. POWERS,

    Defendant.

---

# ORDER ON MOTION FOR NEW TRIAL

---

**Michael E. Hegarty, United States Magistrate Judge**.

This case arises from an automobile-pedestrian collision on December 12, 2013. Plaintiff Lupita Lewis, the pedestrian, alleged claims for negligence and violations of federal statutes against multiple Defendants. Am. Compl., ECF 176. On November 30, 2018, the Court dismissed all Defendants in this case except Defendant James T. Powers, who was the driver of the automobile that collided with Plaintiff. ECF 201-204. The case proceeded to a jury trial on February 11, 2019, and on February 14, 2019, the jury returned a verdict in favor of Defendant on Plaintiff's remaining negligence claim.

Here, Plaintiff seeks a new trial, arguing that the verdict was contrary to the weight of the evidence, and that the jury "did not follow the Court's instructions in completing the verdict form." Mot. 1. Plaintiff also contends that Defendant improperly appealed to the sympathy of the jury to her detriment. Defendant asserts that the evidence supported the jury's properly decided verdict. For the following reasons, Plaintiff's motion is denied.

I.     **Legal Standards**

At the outset, Plaintiff incorrectly asks the Court to apply Colorado procedural law. Mot. 12-17. Under the *Erie* doctrine (cited by Plaintiff), the Court must apply state *substantive* law in diversity cases, but not state *procedural* law. *Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152, 1162 (10th Cir. 2017) ("In diversity cases, the *Erie* doctrine instructs that federal courts must apply state substantive law and federal procedural law."). Plaintiff does not justify, and the Court cannot perceive, any reason why the Court should deviate from this rule.

In addition, the Court agrees with Defendant that Plaintiff waived her opportunity to seek "judgment notwithstanding the verdict" at this post-trial stage. The Tenth Circuit has instructed:

> A motion denominated as a motion for directed verdict or for judgment notwithstanding the verdict should be treated as a motion for judgment as a matter of law. Fed. R. Civ. P. 50 advisory committee notes on 1991 amendment. A party must first move for judgment as a matter of law before submission of the case to the jury. Fed. R. Civ. P. 50(b). He may then renew his motion after trial. Fed. R. Civ. P. 50(c). This court may not consider an appellant's contention that the trial court erred in denying a motion for judgment notwithstanding the verdict or for judgment as a matter of law *where the appellant failed to move for a directed verdict or judgment as a matter of law at the close of evidence*.

*Craft v. Yellow Freight Sys., Inc.*, 139 F.3d 911, 1998 WL 72783, at *8 (10th Cir. 1998) (citing *Firestone Tire & Rubber Co. v. Pearson*, 769 F.2d 1471, 1478 (10th Cir.1985)) (emphasis added); *cf. Cavanaugh v. Woods Cross City*, 718 F.3d 1244, 1250 n.1 (10th Cir. 2013) ("[T]he sufficiency-of-the-evidence issue [Appellant] raised could only be preserved for appeal by including it in a Rule 50(a) motion at the close of evidence *and* a Rule 50(b) motion after the jury verdict." (emphasis in original)). In this case, the Plaintiff rested after her presentation of the evidence (Tr. 415: 1-4, ECF 258-1) and did not move for judgment as a matter of law before the case was submitted to the jury (*see id.* 649-652). Thus, the Court will deny Plaintiff's motion seeking "judgment notwithstanding the verdict."

Rule 59(a)(1)(A) of the Federal Rules of Civil Procedure authorizes a court to grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Whether to grant a motion for a new trial is committed to the district court's discretion. *See M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 762 (10th Cir. 2009); *see also Iowa Pac. Holdings, LLC v. Nat'l R.R. Passenger Corp.*, 853 F. Supp. 2d 1094, 1097 (D. Colo. 2012) (describing that discretion as "sound"). "A motion for new trial 'is not regarded with favor and should only be granted with great caution.'" *Iowa Pac. Holdings,* 853 F. Supp. 2d at 1097 (quoting *United States v. Kelley*, 929 F.2d 582, 586 (10th Cir. 1991)).

"If 'a new trial motion asserts that the jury verdict is not supported by the evidence, the verdict must stand unless it is clearly, decidedly, or overwhelmingly against the weight of the evidence.'" *M.D. Mark, Inc.*, 565 F.3d at 762 (quoting *Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1284 (10th Cir. 1999)). Stated otherwise, the motion should be granted only "if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion." *Iowa Pac. Holdings,* 853 F. Supp. 2d at 1097 (quoting *Minshall v McGraw Hill Broad. Co.*, 323 F.3d 1273, 1279 (10th Cir. 2003)). "When reviewing an allegation that a jury's verdict was not supported by evidence, [I] view the record in the light most favorable to the prevailing party." *Patton v. TIC United Corp.*, 77 F.3d 1235, 1242 (10th Cir. 1996).

Whether "the verdict is against the weight of the evidence presents a question of fact, not law." *Id.* Even so, I may not weigh the evidence, pass on the credibility of the witnesses, or substitute my conclusions for those of the jury. *Iowa Pac. Holdings,* 853 F. Supp. 2d at 1097. "The jury has the exclusive function of appraising credibility, determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in the evidence, and reaching ultimate conclusions of fact." *Snyder v. City of Moab*, 354 F.3d 1179, 1188 (10th Cir.

3

2003) (quoting *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1226 (10th Cir. 2000) (alternations omitted)).

II.     Analysis

At the trial, the evidentiary presentations went smoothly, counsel were prepared and efficient, the jury was attentive, each side had an opportunity to present their differing interpretations of the facts, and the jury deliberated an appropriate amount of time. Against this backdrop, I address the Plaintiff's contention that the evidence demonstrated Defendant was negligent and the Plaintiff was not, but the jury found to the contrary. Specifically, Plaintiff asserts the evidence at trial showed she was "visible" in the middle of the street, and that she was a "capable, experienced and cautious traveler."

First, Plaintiff is correct that certain witnesses testified she was visible in the street before the collision, despite the darkness of night. In fact, Defendant testified that there was nothing obstructing his view on the lighted roadway. Tr. 40: 13-25, 41: 1-10. However, the testimony, including that cited by Plaintiff, also revealed that at least one disinterested witness stated the Plaintiff had "walked in front -- stepped in front of the car, and the car hit the person." Tr. 185: 11-15, ECF 258-1. This witness, who was driving in the opposite oncoming lane, testified that Plaintiff made no sudden movements, but was "continuously walking" and "looked like [she] was looking for something." *Id.* 185: 19-24; 201: 3-8; *see also* 194: 4-8 (when asked whether the Plaintiff was hit from behind, the witness answered, "Yes. Sort of on the side."). The same witness saw that Plaintiff was wearing an orange coat but did not see that she was carrying a white walking stick. *Id.* 188: 13-14; 190: 9-10. Another disinterested witness who could "see clearly" remembered that Plaintiff was wearing a "green" coat and testified, "I don't think it was that reflective. I mean, I think I would have remembered orange." *Id.* 171: 11-17; 173: 1-4.

4

Notably, the jury heard from several witnesses (who, like the Plaintiff, were blind) regarding their training and behaviors when walking along or across a street. For example, Shane Snyder, who had walked numerous times along the same street on which Plaintiff was struck, testified that he had unintentionally veered onto that street himself, and that he was trained to "keep moving" and "don't stop until you get to the other side." Tr. 144: 8-20. Mr. Snyder also testified that Plaintiff could unintentionally walk into the street, but her sense of hearing should keep her from walking in front of a car. *Id.* 151: 1-15. Likewise, Julie Deden, Executive Director at the Colorado Center for the Blind, testified that it is possible for a blind person to "unintentionally step in front of a car," testifying that "I think anyone could." *Id.* 444: 12-14. Ms. Deden, like Mr. Snyder, testified that " it's critical, you know, that we're able to utilize our hearing in order to travel independently and to hear traffic and traffic patterns and everything." *Id.* 439: 1-9. The jury heard from the Plaintiff that her "hearing is pretty good" and that she owned hearing aids but was not wearing them the night of the collision. *Id.* 401: 25, 402: 1-5.

Viewing the record in the light most favorable to the Defendant and acknowledging the Tenth Circuit's admonition that I may not weigh the evidence nor pass on the credibility of the witnesses, I find Plaintiff fails to demonstrate the necessity for a new trial based on her contention that she was "visible" when walking in the middle of the street. The evidence presented demonstrates that despite her being "visible," some witnesses saw Plaintiff walk in front of a moving vehicle that was neither speeding nor being carelessly driven, which, if believed, supports a finding that Defendant was not negligent. *See, e.g., Dennis v. Johnson*, 317 P.2d 890, 892 (Colo. 1957) (reversing a judgment for a plaintiff pedestrian where the evidence revealed that the defendant driver "was not shown to have been in any manner driving negligently and carelessly," in that he was

5

driving under the posted speed limit, his headlights were not shown to be defective, and he brought his car to a complete stop within the distance in which his lights would reveal an object).

Plaintiff makes a cursory argument that Defendant improperly "appealed to the sympathy, bias, or prejudice of the jurors" through his closing argument. Plaintiff cited a portion of Defendant's closing argument in which Defendant stated he "did nothing wrong. He was out, like any other person, just trying to get home at night." Mot. 11. The Court finds these remarks, and the additional argument cited by Plaintiff, are not improper and did not unfairly prejudice the Plaintiff or influence the verdict. *Racher*, 871 F.3d at 1161 (quoting *Lambert v. Midwest City Mem'l Hosp. Auth.*, 671 F.2d 372, 375 (10th Cir. 1982)) ("Even if an argument was 'improper, a judgment will not be disturbed unless it clearly appears that the challenged remarks influenced the verdict.'").

With respect to Plaintiff's contention that the jury "did not follow the simple instructions give[n] to them in completing the Special Verdict Form," I interpret this contention as Plaintiff referring to the fact that the jury answered question number 2, although they were instructed not to do so if they answered "no" to question number 1. *See* Verdict Form, ECF 238. Plaintiff cites no law supporting her contention that such harmless error justifies a new trial, and the Court has found none. *See, e.g., McCue v. State of Kan., Dep't of Human Res.*, 165 F.3d 784, 791 (10th Cir. 1999) (cumulative effect of one evidentiary error and one instructional error, each considered harmless, did not necessitate a new trial). Furthermore, the jury's finding that Defendant was not negligent is separate from any finding regarding Plaintiff's "negligence," and is, itself, sufficient for a judgment in the Defendant's favor in this case. In other words, the jury's conclusion that Defendant was not negligent rendered moot the question of whether the Plaintiff was negligent *See* Jury Instrs. 23, 24, 28, ECF 236.

Moreover, Plaintiff provides no support for her argument that the jury "didn't apply the more complicated instructions on the law in rendering their verdict." Mot. 11. In the Tenth Circuit, courts "generally presume that juries follow the instructions given to them notwithstanding what has been said in court." *Cavanaugh*, 718 F.3d at 1250 (citing *Bland v. Sirmons*, 459 F.3d 999, 1015 (10th Cir. 2006)). Here, the Plaintiff raises no argument that the jury instructions were improper or in any way vague or confusing. The Court finds no support for Plaintiff's contention that the jury failed to follow the instructions as given.

Even considering all of Plaintiff's arguments, I find that this was a fundamentally fair trial and I will not substitute my judgment for the jury's in this instance. As explained above, "[t]he jury has the exclusive function of appraising credibility, determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in the evidence, and reaching ultimate conclusions of fact." *Snyder*, 354 F.3d at 1188.

### III. Conclusion

For the foregoing reasons, the Court **denies** Plaintiff Lupita Lewis' Motion for Judgment Notwithstanding the Verdict or, in the Alternative, Motion for a New Trial [filed March 15, 2019; ECF 256].

Dated and entered at Denver, Colorado, this 27th day of September, 2019.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge